[Crim. No. 1804. First Appellate District, Division Two.—June 13, 1934.]

In the Matter of the Application of RAYMOND G. KOLBE for a Writ of Habeas Corpus.

Marcus L. Samuels, Thomas Pierce Rogers and William E. Kidd for Petitioner.

Leo A. Cunningham, Matthew Brady, District Attorney, and Leslie C. Gillen, Assistant District Attorney, for Respondent.

STURTEVANT, J.—In this *habeas corpus* proceeding the petitioner claims that he is being unlawfully restrained by the sheriff of the city and county of San Francisco. In that behalf he asserts that by an order of the municipal court of said city he has been held to answer on a charge of violating the Corporate Securities Act. (2 Deering's Gen. Laws, Act 3814, p. 1926.) ▮ In this connection it is claimed that there was no reasonable or probable cause. He states in his petition that there was no evidence that the document which it is claimed he sold was a security under the provisions of the Corporate Secu-

rities Act. He states in his petition that the transcript of the hearing is incorporated in his petition as if fully set forth and that it does not show that a crime has been committed nor that the petitioner committed a crime. The transcript of the preliminary hearing is not attached to the petition and has not been brought up; it is merely referred to as above stated. The petition does not purport to set forth the contents of the document which it is claimed he sold nor give any further information of its contents. In due time the sheriff made his return and therein set forth two commitments—one based on a purported sale to Jessie V. Hare on October 21, 1932, and another based on another purported sale on the fourth day of November, 1932. Assuming that the petition be treated as a traverse to the return it is perfectly clear that the record contains no facts from which this court can determine whether there was or was not evidence of reasonable or probable cause.

It follows that the writ should be discharged. It is so ordered.

Nourse, P. J., and Spence, J., concurred.